RECEIVED

FEB 2 2 2012

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHARLOTTE FINK | CIVIL ACTION NO: 11-01873 |
| VERSUS | JUDGE DONALD E. WALTER |
| REGIS CORP, ET AL | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is a Motion to Remand [Doc. #10], filed by the plaintiff, Charlotte Fink. Defendant, Regis Corporation ("Regis"), opposes this motion [Docs. #14]. For the reasons stated herein, plaintiff's Motion to Remand [Doc. #10] is **DENIED.**

## BACKGROUND

Plaintiff originally filed suit in the Fourth Judicial District Court in Ouachita Parish, Louisiana on November 15, 2010.[1] Plaintiff's petition alleged damages resulting from a slip and fall at Regis Hair Salon in Pecanland Mall, allegedly owned and operated by defendant Regis.[2] Named as defendants in this matter are Regis Corporation, Jessie Love, Michael O'Bannon,[3] and Robin Sanders.[4] At the time of filing, Regis claimed that it was unaware that the amount in dispute would exceed $75,000, as required to establish diversity jurisdiction in this Court. Regis claims that it later

---

[1] Doc. #1-1.

[2] Id.

[3] Incorrectly sued as "Michael O'Banion." See Doc. #1, p. 1, ¶ 1.

[4] The latter three defendants will collectively be referred to as the "employee defendants" or the "employees." The employee defendants are all citizens of Louisiana, as is the plaintiff.

became aware that this case was removable upon receipt of the medical report of Dr. Mark Webb on September 21, 2011.[5] Dr. Webb's report suggests that plaintiff is suffering from mood disorder and dementia as a result of the incident at issue in this lawsuit.[6] However, plaintiff argues that Regis took the depositions of both Charlotte Fink and her son, Martin Fink, on June 2, 2011. As a result of the testimony given in those depositions, plaintiff argues that Regis had notice, on June 2, 2011, that the amount in controversy would clearly exceed $75,000. Alternatively, plaintiff claims that Dr. Mark Webb's medical report was mailed to Regis on September 14, 2011; therefore, Regis would have received that report prior to September 21, 2011, which makes the October 21, 2011 Notice of Removal untimely.

In sum, plaintiff argues both that complete diversity is lacking and that removal was untimely, and this matter should therefore be remanded. Defendant, Regis Corporation, argues that plaintiff has failed to allege facts, either on the face of the petition[7] or in the appropriate summary evidence, sufficient to show a reasonable basis for recovery against the employee defendants. Furthermore, Regis claims that it neither knew nor should have known that plaintiff was claiming injuries in excess of $75,000 and directly related to the subject fall, prior to receipt of Dr. Mark Webb's expert medical report. Regis contends that it received that report on September 21, 2011 and timely filed its Notice of Removal within 30 days thereof. Regis therefore opposes plaintiff's motion to remand.

---

[5] Doc. #1, ¶ 6.

[6] Id.

[7] Regis argues that neither plaintiff's original petition nor her supplemental petition alleges facts sufficient to support a reasonable basis for recovery against the employee defendants.

2

## LAW AND ANALYSIS

Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). When original federal jurisdiction is based on diversity, however, a defendant may not remove "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* (quoting 28 U.S.C. § 1441(b)(2)). Pursuant to 28 U.S.C. § 1447(c), a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction.

This Court has original jurisdiction in all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Since the enactment of the diversity statute, courts have interpreted the diversity statute to require "complete diversity" of citizenship. *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). The parties do not dispute that the employee defendants are citizens of Louisiana;[8] therefore, the employees' existence in this suit destroys complete diversity unless the employees were added in violation of the prohibition against improper joinder. *See Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 571 n. 1 (5th Cir. 2004) (The Fifth Circuit has adopted the term "improper joinder" as being more consistent with the statutory language than the term "fraudulent joinder," although there is no substantive difference between the two terms).

---

[8] 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Regis is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Thus, the diversity question hinges solely on the citizenship of the employee defendants.

3

### Improper Joinder

Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999). Our inquiry focuses on the second test, as the employee Defendants are undoubtedly Louisiana citizens. In assessing the possibility of improper joinder, the Court may "pierce the pleadings" and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990) and *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-702 (5th Cir.1999)). Any contested issues of fact and any ambiguities of state law must be resolved in favor of plaintiff, Charlotte Fink. *See id.* The burden of persuasion on Regis, as the defendant claiming improper joinder, is a heavy one. *See id.* (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)).

The Fifth Circuit has explained, in *Travis v. Irby*, that the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *See Smallwood*, 385 F.3d at 573. Stated differently, this means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* However, a "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286, n. 4. (5th Cir.2000). A district court may choose one of two ways by which to predict whether a plaintiff has a reasonable basis of recovery under state law. The court may conduct a Rule 12(b)(6)-type analysis,

looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. Ordinarily, if the plaintiff survives this analysis, there is no improper joinder. *Id.* However, in some instances, the plaintiff may misstate or omit discrete facts, which allows the district court the discretion to pierce the pleadings and make a summary inquiry. *See id.* Deciding which procedural method to use lies within the court's discretion; however, a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Id.* at 573-74.

Generally, "an agent, officer or employee of a corporation may owe a duty to a third person which duty is a result of his employment relationship." *Holmes v. Great Atlantic & Pacific Tea Co.*, 587 So.2d 750, 752 (La. App. 4th Cir.1991). "That is, duties imposed on him by his employer, the breach of which causes injury to a third person, supports a cause of action against the employee." *Id.* As recognized by the Fifth Circuit in *Ford v. Elsbury*, 32 F.3d 931 (5th Cir.1994), the controlling Louisiana Supreme Court decision on the issue of employee liability is *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973), *superceded by statute on other grounds*. The *Canter* court held that in order to impose personal liability on an employee for breach of a delegated duty, the following four distinct criteria must be established:

> 1. The principal or employer owes a duty of care to the third person [], breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results

> from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
> 4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Canter*, 283 So.2d at 721.

In order to state a cause of action against any or all of the employee defendants, the plaintiff must show that Regis delegated a duty to one or more of the employees and that said employee personally breached that duty to plaintiff. From the outset, the Court finds it note-worthy that none of the employee defendants occupied a managerial role, nor is it alleged that any of the employee defendants were delegated specific managerial duties and/or responsibilities. Plaintiff's petition sues Regis Corporation, Michael O'Bannon, Jessie Love, and Robin Sanders for their fault, negligence and carelessness which caused the subject incident in whole or in part.[9] Plaintiff further alleges fault on all defendants for the following:

> a. failing to maintain a safe business establishment in the form of a hairstyling salon for customers to use;
> b. failing to properly maintain the restroom area and restroom door;
> c. failing to act as a reasonable person under then prevailing circumstances;
> d. failing to properly warn of the defective condition of the restroom and restroom door and prohibit customers from entering said restroom;
> e. specifically authorizing and giving permission to Charlotte Fink to use the ladies restroom in spite of the fact the ladies restroom had an out of order sign on the

---

[9] Doc. #1-1, ¶ 10.

      restroom door;
      f. reckless disregard for the safety of others; and
      g. failing to comply with reasonable safety practices at all times herein.[10]

In addition, plaintiff sues Jessie Love and/or Robin Sanders and/or "possibly another female employee on duty at the time of the subject incident," for authorizing plaintiff to use the restroom in spite of the out of order sign.[11] In her first supplemental and amending petition, plaintiff alleges that Jessie Love and Robin Sanders were delegated the specific duty not to give instructions, directions or authorizations in a way that would harm customers, such as Charlotte Fink.[12] Plaintiff's petitions make no such allegations of a specific duty being delegated to Michael O'Bannon.

It is clear from plaintiff's original petition, supplemental petition, and the relevant summary evidence, that none of the three named employee defendants had more than a general administrative duty to ensure the safety of patrons in Regis Hair Salon. *See generally Carter v. Wal-mart Stores, Inc.*, 2005 WL 1831092 (W.D. La. 2005) (manager had not actively contributed to defective condition and could not be linked to hazard-causing employee); *Harrod v. Zenon*, 2003 WL 21748687 (E.D. La. 2003) (station manager not liable in personal capacity for accumulation of fuel on service station bay floor); *Ware v. Fairmont Hotel Company-New Orleans*, 1998 WL 906703

---

[10] Id.

[11] Doc. #1-1, ¶¶ 4, 5, 11. However, in reviewing the summary evidence, the Court acknowledges that the employee time sheets for Love and Sanders show that the two employees "clocked in" at 13:50 and 13:55, respectively. The time records supplied by American Medical Response indicate "Call Received: 13:45:04," in regards to when the 911 dispatcher received the pertinent call for an ambulance. [See Doc. #14-1, Exh. B and C]. Thus, it is clear from the deposition testimony that neither Love nor Sanders was on duty at the time of plaintiff's accident. [Docs. ## 10-5, 10-6, and 10-7]. This is corroborated by plaintiff's own deposition testimony, in which she did not recognize and could not identify Love or Sanders from their respective photos. [Doc. #10-6, p. 26, lines 8-20].

[12] Doc. #1-1; pp. 13-15.

(E.D. La. 1998) (general manager not personally responsible for general inspections); *Bennett v. Kmart Corp.*, 1996 WL 577919 (E.D. La.1996) (store manager had only administrative responsibility for the cleaning of store). Although plaintiff's first supplemental and amending petition generically alleges that Jessie Love and Robin Sanders owed specific duties to not give any instructions or authorizations in a way that would harm customers, such an assignment does not entail a personal duty to ensure plaintiff's safety. There was a sign on the bathroom door cautioning that it was "out of order," and there is no evidence that the employee defendants actively caused the accident which befell plaintiff.[13] Thus, plaintiff has wholly failed to allege facts sufficient to prove that employee defendants are liable for personal, as contrasted with technical or vicarious, fault in plaintiff's accident and resulting injuries. The Court finds that the employee defendants have been sued in violation of the prohibition against improper joinder, and the claims against the three employee defendants should be dismissed.

### Timeliness of Regis's Notice of Removal

Plaintiff next argues that Regis failed to file its Notice of Removal in a timely fashion, and this matter should therefore be remanded. Plaintiff contends that Regis had sufficient notice, as of Charlotte and Martin Finks' June 2, 2011 depositions, that the amount in controversy would exceed the requisite $75,000. Alternatively, plaintiff argues that Dr. Mark Webb's expert report was mailed

---

[13] Plaintiff relies on Mr. O'Bannon's deposition to allege that he personally caused the accident. Initially, the Court notes that neither plaintiff's original nor supplemental petition alleges such facts. Further, it is clear from the totality of Mr. O'Bannon's deposition that his involvement simply extended to making the "out of order" sign and physically moving the broken door, at his manager's request. [Doc. #10-3]. All actions taken by Mr. O'Bannon were done under the direction of his manager, as performance of a function of employment, and were not specifically delegated duties for which Mr. O'Bannon can be said to be personally responsible.

to Regis on September 14, 2011; therefore, Regis would have had notice prior to September 21, 2011. If those allegations are true, the Notice of Removal filed on October 21, 2011 was outside of the 30-day window allowed under 28 U.S.C. § 1446(b)(3), pursuant to which Regis removed this matter.

As noted above, Charlotte Fink is a citizen of Louisiana, and Regis is a citizen of Minnesota, thus, the only issue remaining for diversity purposes revolves around the amount in controversy. Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing La. Code Civ. P. art. 893). Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)). Here, the parties do not question whether the amount in controversy exceeds $75,000, but rather when that fact became evident to Regis.

Regis contends that the expert medical report of Dr. Mark Webb qualifies as "other paper," setting forth the requisite jurisdictional amount in controversy, thereby making this case removable upon Regis's receipt of that report on September 21, 2011. Title 28 U.S.C. §1446(c)(3)(A) explains that "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." In accordance with §1446(c)(3)(A), the Court agrees with Regis that the expert report does qualify as "other paper," upon which the amount in controversy may be established if all deadlines are properly met.

Plaintiff first argues that Regis knew or should have known that the amount in controversy exceeded $75,000 as of the June 2, 2011 depositions. Plaintiff's May 2011 discovery responses indicate that she was treated and released from the hospital on the day of the subject accident and

9

was not thereafter hospitalized in connection to this incident.[14] Further, in response to an interrogatory seeking an itemized listing of "the amount of all fees, charges and/or expenses for each doctor through and including the present time," plaintiff's total itemized medical expenses amounted to $3,594.56.[15] The medical records attached to the discovery responses also did not indicate that plaintiff had suffered any sort of head trauma, sufficient to place Regis on notice that the amount in controversy would exceed $75,000. At Charlotte Fink's deposition on June 2, 2011, she clearly indicated to Regis that she had not been treated for any potential head injury since the accident.[16] Although plaintiff made some mention of issues with her balance, eyesight, and driving limitations, she admitted that such difficulties were unrelated to the instant fall at Regis Hair Salon.[17] Therefore, the Court finds that neither the May 2011 discovery responses nor the June 2, 2011 deposition was sufficient to put Regis on notice that the amount in controversy would exceed $75,000.

The Fifth Circuit has made abundantly clear that the information supporting removal must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the pertinent section of 1446(b). *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The Court finds that such unequivocally clear and certain information was not available to Regis until it received Dr. Mark Webb's report. Plaintiff's final argument is that Dr. Mark Webb's expert report was mailed to Regis on September 14, 2011; therefore, Regis should have received the report before September 21, 2011. However, the document so provided to the Court is time-stamped as being

---

[14] Doc. #14-1, exh. D.

[15] Id., response to interrogatory #13.

[16] Doc. #10-6, p. 54, lines 20-23; p. 56, lines 17-19.

[17] Doc. #10-6, pp. 54-57, 59-62.

received by Regis on September 21, 2011.[18] The Court is unpersuaded by plaintiff's bald assertions to the contrary and finds that Regis timely filed its Notice of Removal within thirty days of receipt of Dr. Mark Webb's expert report.

## CONCLUSION

For the reasons stated herein, it is the finding of the Court that the employee defendants have been brought into this suit solely as a means of defeating diversity jurisdiction, in violation of the prohibition against improper joinder. The Court further finds that Regis filed its Notice of Removal within thirty days of receipt of "other paper" establishing that the amount in controversy exceeds $75,000. Accordingly, plaintiff's Motion to Remand [Doc. #10] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 22 day of February, 2012.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[18] Doc. #14-1, exh. A.